SHAHEEN v SCHOENBERGER

Docket No. 78-2979. Submitted June 7, 1979, at Lansing.—Decided September 20, 1979.

Michael L. Shaheen was riding as a passenger in Michael Mahon's automobile in Florida. Both parties were killed when the automobile crossed the center lane and collided head-on with a semitrailer truck. Lewis W. Shaheen, Michael Shaheen's father, individually and as administrator of Michael's estate and Louise Shaheen individually, brought an action in Ingham Circuit Court for wrongful death damages against Maurice E. Schoenberger, administrator of Michael Mahon's estate. All parties to the action are Michigan residents. Defendant moved for partial summary judgment. Ray C. Hotchkiss, J., ruled that *lex loci delicti* controls and the amount of damages was to be determined by the Florida wrongful death statute which limited the parents' recovery to funeral expenses in contrast to the *lex fori* allowances for mental pain and suffering of the deceased, his pecuniary damages, and loss of support by the parents. Plaintiffs appeal. The question presented is whether the *lex fori* or the *lex loci delicti* controls the elements of damages recoverable in this wrongful death action. *Held:*

Michigan's public policy and concern for the well-being of survivors is against the limitation of damages in wrongful death actions. Public policy prevails and Michigan law *(lex fori)* not Florida law *(lex loci delicti)* applies where a Florida automobile accident occurred and a wrongful death action is brought in Michigan and where all of the parties to the action are Michigan residents.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 1 Am Jur 2d, Actions § 6.
16 Am Jur 2d, Conflict of Laws § 11.
Conflict of laws as to measure or amount of damages in death actions. 92 ALR2d 1180.
Modern status of rule that substantive rights of parties to a tort action are governed by the law of the place of the wrong. 29 ALR3d 603.

1. Courts — Conflict of Laws — Lex Loci Delicti — Applicable Laws.

   The doctrine of *lex loci delicti* has been traditionally followed by Michigan courts in conflict of law cases; however, recent developments in the law provide exceptions to the rule which warrant an individualized approach to the law to be applied based on the particular circumstances of each case.

2. Torts — Wrongful Death — Damages — Public Policy — Lex Loci Delicti.

   A statute embodies the state's enunciated public policy against the limitation of damages in wrongful death actions where the litigants are Michigan residents; this policy coupled with state interest in a survivor's well-being operates, where a fatal automobile accident occurs in Florida and all parties to the action are Michigan residents, to except the elements of damages from the *lex loci delicti* rule.

*Abood & Abood, P.C.,* for plaintiffs.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *John A. Yeager),* for defendant.

Before: Danhof, C.J., and V. J. Brennan and H. R. Carroll,* JJ.

V. J. Brennan, J. On April 8, 1977, Michael L. Shaheen was riding as a passenger in Michael Mahon's automobile in Florida. At approximately 4:40 a.m., the automobile crossed the center lane of US-1 and collided head-on with a semitrailer truck. Both Mahon and Shaheen were killed.

On July 5, 1978, the parents of Michael L. Shaheen filed a wrongful death action in the Ingham County Circuit Court. As part of their damages they alleged: (1) mental pain and suffering of the deceased passenger; (2) pecuniary damages to the passenger; and (3) loss of support, services and companionship by the parents.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

In response, defendant filed a motion for partial summary judgment to limit the elements of damages on the grounds that under the Florida wrongful death statute the deceased's cause of action abated; the parents could recover for pain and suffering only if the deceased were under 18; no action for loss of companionship existed; and the only action open to the parents was for funeral expenses. All parties to this action are Michigan residents.

In reliance upon *Abendschein v Farrell,* 382 Mich 510; 170 NW2d 137 (1969), the trial judge ruled that *lex loci delicti* controls, and the amount of damages is to be determined by the Florida statute. Plaintiffs appeal by leave granted.

The case presents one pertinent inquiry: whether the *lex fori* or the *lex loci delicti* controls the elements of damages recoverable in a wrongful death action.

Michigan has traditionally followed the *lex loci delicti* rule in conflict of laws cases. *Abendschein v Farrell, supra,* at 516, fn 3. However, developments in the law since *Abendschein* warrant an individualized approach to the question based on the particular circumstances of the case. *Branyan v Alpena Flying Service, Inc,* 65 Mich App 1, 7; 236 NW2d 739 (1975).

In *Branyan,* the Court was faced with a question similar to the case at bar, involving whether limitation of damages was to be determined by the wrongful death statute of the *lex fori* (Michigan) or the *lex loci delicti* (Virginia). The Court addressed the particular issue and policy considerations involved pointing out that limitations of damages primarily concerns compensation of survivors. Since the survivors in *Branyan* were Michigan residents, Michigan has the greatest interest

in their well-being. Further, Michigan has an enunciated public policy against limitation of damages in wrongful death actions. The *Branyan* Court then held that Michigan law applied.

The defendant points out that *Branyan* relied on an airplane crash exception to the *lex loci delicti* rule set forth in *Abendschein* and argues that *Branyan* is inapplicable to automobile crash cases. However, in *Sweeney v Sweeney*, 402 Mich 234; 262 NW2d 625 (1978), the Supreme Court took a second look at the "hard and fast" rule of *Abendschein*. After careful analysis the Court held that application of the *lex loci delicti* (Ohio) which bars suit between a parent and child (based on an automobile accident) would frustrate announced Michigan public policy where the litigants were Michigan residents. Clearly the approach set forth in *Branyan* was impliedly approved in *Sweeney* in determining any individual exceptions to the *lex loci delicti* rule. Thus both *Branyan* and *Sweeney* are applicable to the question presented herein. See *Storie v Southfield Leasing, Inc,* 90 Mich App 612; 282 NW2d 417 (1979).

As set forth above the case at bar involves the elements of damages available to survivors in a wrongful death action. Since the survivors are Michigan residents, Michigan has the greatest interest in their well-being. MCL 600.2922; MSA 27A.2922, sets forth the elements of damages recoverable for wrongful death. The statute embodies the state's public policy in this regard. This policy, coupled with Michigan's interest in the survivors' well-being, operates under the facts in this case to except the elements of damages from the *lex loci delicti* rule.

The lower court's ruling to the contrary is reversed and the cause is remanded. We retain no further jurisdiction. Costs to be paid to plaintiffs.